TIMOTHY D. BARROW, ESQ.
148 Main Street
Lebanon, New Jersey  08833
(908) 236-2229
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---

SIACI SAINT HONORE,                                    *Document Electronically Filed*

                Plaintiff,        :        CIVIL ACTION No.
   v.

UNITED PARCEL SERVICE, INC. (OHIO) d/b/a,              **COMPLAINT**
UNITED PARCEL SERVICE, INC., and
CSX TRANSPORTATION, INC.,

                Defendants.      :

---

The Plaintiff herein, by their attorney, Timothy D. Barrow, complaining of the above Defendants, verifies upon information and belief as follows:

### THE PARTIES

1. At and during all times hereinafter mentioned, Plaintiff SIACI SAINT HONORE, is a corporation or other business entity duly organized and existing under and by virtue of the laws of a foreign country and does business in the United States through Arthur Gallagher & Co. which has an office and place of business at 24 Commerce Street, Newark, New Jersey 07102.

2. At and during all times hereinafter mentioned, Defendant UNITED PARCEL SERVICE, INC. (OHIO), is a corporation or other business entity organized and existing under and by virtue of the laws of the State of Ohio and is registered and does business in the State of New Jersey under its name as well as the associated name of UNITED PARCEL SERVICE, INC. (hereinafter referred to as "UPS"), with a designated corporate agent for service of process, Corporation Service Company, located at Princeton South Corporate Center, Suite 160, 100 Charles Ewing

Blvd., Ewing, New Jersey 08628.

3. At and during all times hereinafter mentioned, Defendant CSX TRANSPORTATION, INC. (hereinafter referred to as "CSX") is a corporation or other business entity organized and existing under and by virtue of the laws of the Commonwealth of Virginia and is registered and does business in the State of New Jersey with a designated corporate agent for service of process, The Corporation Trust Company, located at 820 Bear Tavern Road, West Trenton, New Jersey 08628.

4. Plaintiff brings this action as authorized as agent of the subrogated insurer of the subject cargo in suit and is entitled to maintain this action and also does so for and on behalf of the shipper, consignee and/or owner of the subject cargo as their interests may appear, including any applicable deductibles.

5. Defendant UPS is a Federal Motor Carrier Safety Administration authorized operating common carrier, contract carrier and/or property carrier of cargo for hire and is otherwise a bailee of cargo entrusted in its care, custody and/or control.

6. Defendant CSX is a federally authorized Class 1 railroad that provides interstate rail carrier based transportation services of cargos for hire and is otherwise a bailee of cargo entrusted in its care, custody and control.

**JURISDICTION AND VENUE**

7. Plaintiff's causes of action and claims are within the original jurisdiction of this Honorable Court arising under the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 11706 & 14706 pursuant to 28 U.S.C. § 1337(a) as well as this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

8. Venue is proper and appropriate for this action pursuant to 49 U.S.C. § 14706 (d) against the delivering carrier UPS who operates within this District and 49 U.S.C. § 11706 (d)(2)(A)(i) against the originating rail carrier CSX which the point of origin is within this District and venue is also proper pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events and/or omissions giving rise to these claims occurred in this judicial district.

## THE FACTS

9. Plaintiff repeats and realleges the allegations set forth in paragraphs numbered 1 through 8 of the within Complaint in their entirety, as if set forth herein at length.

10. On or about September 1, 2017 Defendant UPS received 21 cartons containing 316 pieces Louis Vuitton or other high fashion clothing and/or accessories in good order, condition and quantity at OMLOG Wholesale in Secaucus, New Jersey on behalf of Plaintiff's insured(s) shipped under 10 separate bills of lading, receipts and/or package tracking numbers all of which were stowed in sealed trailer no. UPSZ887685 for interstate transport for delivery to consignee Loro Piana in Sunrise, Florida for consideration of certain freight paid.

11. Thereafter, Defendant UPS or those acting on their behalf or at said Defendant's direction caused the subject trailer to be received by Defendant CSX or those acting on its behalf at Secaucus, New Jersey and/or North Bergen Ramp for the intended interstate transportation by rail to Hialeah, Florida from New Jersey on September 2, 2017.

12. While en route by rail transport to final destination carried by CSX Train Y108 or no. Y10803, the subject trailer UPSZ887685 was found to have its seal(s) missing at the rail interchange point in Jacksonville, Florida by Florida East Coast Railway Security on September 3, 2017 at 12:06 p.m. with several boxes inside the trailer observed opened. Defendant CSX was notified of this incident by Florida East Coast Railway.

13. On September 5, 2017 the subject trailer with Florida East Coast Railway seal affixed thereto was received at the UPS at Hialeah, Florida with damage and missing cargo.

14. Subsequently, consignee Loro Piana received what remained of the cargo shipped from OMLOG in Secaucus, New Jersey and determined 233 pieces shipped within 10 cartons were not delivered, but were stolen and/or pilfered.

15. Plaintiff, Plaintiff's principal and its insured(s) have duly performed all duties and obligations on their part to be performed.

## PLAINTIFF'S CAUSE(S) OF ACTION AGAINST ALL DEFENDANTS

### COUNT ONE – BREACH OF CONTRACT

16. Plaintiff repeats and realleges the allegations set forth in paragraphs numbered 1 through 15 of the within Complaint in their entirety, as if set forth herein at length.

17. Defendants' failure to transport, secure and/or store as well as to fully deliver the subject cargo of previously described clothing and/or accessories from OMLOG Wholesale and/or Secaucus/North Bergen, New Jersey, as the case may be, to Hialeah, Florida and/or to consignee Loro Piana in the same good order, quantity and condition as received were caused by the Defendants herein and/or its/their sub-contractors', agents', and/or servants' breaches of contract, express and/or implied, owed to the shipper, consignee and/or owner of said cargo as carriers of same that resulted from their conduct or omissions to properly receive, store, secure, carry, transport, deliver and/or care for the subject cargo.

18. By reason of the premises, Plaintiff and its insureds have sustained damages in the amount of $208,690.00 which is the retail value of the cargo as a result of theft and/or pilferage subject only to a credit due UPS for having remitted a prior total claim payment of approximately $1,165.16.

## COUNT TWO – NEGLIGENCE

19. Plaintiff repeats and realleges the allegations set forth in paragraphs numbered 1 through 15 of the within Complaint in their entirety as if set forth herein at length.

20. Defendants and Defendants' sub-contractors, agents, and/or servants owed duties of care to the shipper, consignee and/or cargo owner upon receipt of same and thereafter while the cargo was in their care, custody and/or control including loading, transport, unloading, security, storage, and delivery.

21. The failure to transport and/or store and deliver the subject cargo in the same good order, quantity and condition as received is a breach of Defendants' duties and obligations of care as carriers and/or warehousemen as the case may be, and was the proximate cause of the loss and damage sustained by Plaintiff, Plaintiff's principal and/or its insured(s).

22. By reason of the premises, Plaintiff and its insureds have sustained estimated damages in the amount of $208,690.00 which is the retail value of the cargo as a result of the theft and/or pilferage subject only to a credit due UPS for having remitted a prior total claim payment of approximately $1,165.16.

## COUNT THREE – BREACH OF BAILMENT

23. Plaintiff repeats and realleges the allegations set forth in paragraphs numbered 1 through 15 of the within Verified Complaint in their entirety as if set forth herein at length.

24. Defendants and Defendants' sub-contractors, agents, and/or servants took possession and exercised care, custody and/or control of the subject cargo which constituted a bailment of same.

25. Defendants' failure to re-deliver the entrusted subject cargo of high fashion clothing and/or accessories and returning possession, care, custody and/or control of same to Plaintiff's principal's insured(s), but rather instead sustained a loss by theft and/or pilferage which constituted a breach of bailment and is/are violation(s) of its/their duties and obligations as bailees.

26. By reason of the premises, Plaintiff and its insureds have sustained estimated damages in the amount of $208,690.00 which is the retail value of the cargo as a result of the theft and/or pilferage subject only to a credit due UPS for having remitted a prior total claim payment of approximately $1,165.16.

.

## COUNT FOUR – GROSS NEGLIGENCE

27. Plaintiff repeats and realleges the allegations set forth in paragraphs numbered 1 through 15 and paragraph 20 of the within Complaint in their entirety as if set forth herein at length.

28. The Defendants' abject failures to safely transport, secure, store, deliver the subject shipment while in their care, custody and/or control subjected the high value shipment to an increased risk of theft and other deprivations and other egregious acts and omissions constitute gross negligence and is a breach of Defendants' duties and obligations of care as carriers, bailees or otherwise and was the primary cause of the loss and damage sustained by Plaintiff, Plaintiff's principal and/or its insured(s).

29. By reason of the premises, Plaintiff and its insureds have sustained estimated damages in the amount of $208,690.00 which is the retail value of the cargo as a result of the theft and/or pilferage subject only to a credit due UPS for having remitted a prior total claim payment of approximately $1,165.16.

## COUNT FIVE – CONVERSION

30. Plaintiff repeats and realleges the allegations set forth in paragraphs numbered 1 through 15 of the within Complaint in their entirety as if set forth herein at length.

31. Plaintiff's principal's insured(s) as shipper/consignee/owner of the cargo had the right to receive and possess the subject cargo of of high fashion clothing and/or accessories, but were deprived of same due to the intentional act of theft and pilfering of same while in the custody, possession, safekeeping and or control of Defendants.

32. The deprivation of right to receive and possess the subject cargo of high fashion clothing and/or accessories by the Plaintiff's principal's insured(s) amounts to a conversion by Defendants and was also the cause of the loss and damage sustained by Plaintiff and its principal.

33. By reason of the premises, Plaintiff and its insureds have sustained estimated damages in the amount of $208,690.00 which is the retail value of the cargo as a result of the theft and/or pilferage subject only to a credit due UPS for having remitted a prior total claim payment of approximately $1,165.16.

    WHEREFORE, Plaintiff demands:

1. That process in due form of law according to the practice of this Court may issue against the named Defendants;

2. That a decree and judgment may be entered in favor of Plaintiff against the Defendants, individually, jointly and severally, for the amount of Plaintiff's damages in the amount of $207,524.84 or the total damages to be established at trial, together with pre-judgment and post-judgment interest and costs;  and

   3. That this Court will grant the Plaintiff such other and further relief as may be just and proper.

           ___s/ Timothy D. Barrow____
           TIMOTHY D. BARROW
            Attorney for Plaintiff

Dated: September 1, 2018
    Lebanon, New Jersey